**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LETICIA SANCHEZ-ANGELES, et al.    ) | |
| ) | |
|     Plaintiffs,    ) | |
| ) | |
| v.    ) | |
| ) | |
| UNIVERSAL PROTECTION    ) | Civil Action No. 1:22-cv-00614-APM |
| SERVICE, LLC    ) | |
| ) | |
|     Defendant.    ) | |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs Leticia Sanchez-Angeles, et al., by and through the undersigned counsel, hereby

submit this Opposition to Defendant's Motion to Dismiss (Dkt. 8), which seeks to dismiss

Plaintiffs' claims under the District of Columbia Minimum Wage Revision Act (DCMWRA). For

the reasons set forth below, Defendant's Motion must be denied.

## I.    INTRODUCTION

On March 7, 2022, Plaintiffs filed the instant action arising out of their employment in the

position of Special Police Officer ("SPO") assigned to perform security duties at the building

housing the U.S. Government Accountability Office (GAO), for Defendant Universal Protection

Service, LLC, more commonly known as "Allied Universal." In their Complaint, Plaintiffs allege

that Defendant Allied Universal has violated the Fair Labor Standards Act (FLSA) and the District

of Columbia Minimum Wage Revision Act (DCMWRA) by failing to compensate them for daily

pre-shift, post-shift, and meal period overtime work. *See generally* Dkt. 1. Specifically, Plaintiffs

assert that Defendant fails to compensate Plaintiffs and other SPOs for the time spent outside of

their regularly scheduled, paid shift, performing compensable work—including retrieving

mandatory weapons and other equipment before the start of their paid shift, returning weapons and

mandatory equipment after the end of their paid shift, and performing their regular job duties and responding to radio calls during their unpaid meal periods. Dkt. 1, ¶¶ 22-26, 30-36. As a result, Plaintiffs allege that Allied Universal has a common policy and practice of violating the overtime requirements of the FLSA and the DCMWRA by failing to compensate Plaintiffs and SPOs for all hours worked in excess of 40 in a workweek. *Id.* ¶¶ 52-53, 60-61.

Defendant seeks only to dismiss Plaintiffs' claims under the DCMWRA (but not their claims under the FLSA), arguing that Plaintiffs failed to state a claim under District of Columbia law because such claims are allegedly preempted by Section 301 of the Labor Management Relations Act (LMRA). *See* Dkt. 8, ¶ 2; Dkt. 8 at 1-2. As demonstrated below, Defendant's claims are entirely meritless and should be rejected. First, questions of preemption are not properly decided on a motion to dismiss, and this Court should decline to convert the motion to one for summary judgment. In addition, it has long been settled that Section 301 of the LMRA does not preempt statutory claims seeking to enforce individual wage and hour rights such as those asserted by the Plaintiffs here pursuant to the DCMWRA. Accordingly, Defendant's motion to dismiss Plaintiffs' DCMWRA claims must be denied.

## II.    ARGUMENT

There can be no dispute that Plaintiffs' Complaint satisfactorily alleges that Defendant violated the DCMWRA's overtime requirements. Under the DCMWRA, employees in the District of Columbia, such as the Plaintiffs in this action, are entitled to be paid overtime compensation at the rate of one and one-half times the regular rate at which the employee is employed for all hours worked in excess of 40 hours in a workweek. D.C. Code § 32-1003(c). As Plaintiffs have clearly alleged in their Complaint, they regularly worked for Defendant for more than 40 hours in a workweek because, in addition to their regular schedule, they performed compensable work both

before and after their scheduled, paid shifts and during their unpaid meal periods. However, as

Plaintiffs have alleged, they were not paid overtime compensation for all of the hours they worked

in excess of 40 in a workweek in violation of the overtime requirements of the DCMWRA. *See*

Dkt. 1, ¶¶ 20, 22, 25, 30-32, 36, 59-61.

Likely because Plaintiffs have plainly alleged all elements necessary to state an overtime

claim pursuant to the DCMWRA, Defendant *only* challenges the sufficiency of Plaintiffs'

DCMWRA claims based on its erroneous belief that such claims are preempted by Section 301 of

the LMRA, 29 U.S.C. § 185. As set forth below, Defendant's motion must be denied because this

question is not one that is properly decided on a motion to dismiss. To decide the preemption issue

would require the Court to convert the motion into one for summary judgment, which the Court

should decline to do in this case. In addition, Plaintiffs' DCMWRA claims involve non-negotiable

rights derived from District of Columbia statute that are entirely independent of any collective

bargaining agreement ("CBA"). Thus, Plaintiffs' claims under District of Columbia law are not

preempted by Section 301.

### A. Legal Standard on Motion to Dismiss

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a

"complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Wood v. Moss,* 572 U.S. 744, 757-58 (2014) (quoting *Ashcroft v. Iqbal,* 556

U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal,* 556 U.S. at 678. "In considering a motion to dismiss for failure to plead a claim

on which relief can be granted, the court must consider the complaint in its entirety, accepting all

factual allegations in the complaint as true, even if doubtful in fact, and construe all reasonable

inferences in favor of the plaintiff." *Mkwanazi v. Nat'l Public Radio, Inc.,* 2020 U.S. Dist. LEXIS 212927, *14 (D.D.C. 2020).

A motion to dismiss for failure to state a claim must "rely solely on matters within the complaint." *Search v. Uber Techs, Inc.,* 128 F. Supp. 3d 222, 228 (D.D.C. 2015). "Where the Court must consider 'matters outside the pleadings' to reach its conclusion, a motion to dismiss 'must be treated as one for summary judgment under Rule 56…Such conversion is premature, however, if all parties have not yet had the 'opportunity to present evidence in support of their respective positions.'" *Id.* (internal citations omitted).

### B.  Preemption Issues are Inappropriately Decided on a Motion to Dismiss

Defendant's motion to dismiss must be denied because questions of preemption are not appropriate for resolution on a motion to dismiss for failure to state a claim, as Defendant attempts here. As this Court has previously held: "It is a defendant's responsibility to raise preemption by the CBA as a defense, but…a motion addressed to the adequacy of the pleadings is not necessarily the proper place for preemption to be decided." *Freeman v. MedStar Health, Inc.,* 87 F. Supp. 3d 249, 259 (D.D.C. 2015) (quoting *Nakahata v. New York Presbyterian Healthcare Sys.,* 723 F.3d 192, 203 (2d Cir. 2013)). *See also Kaye v. Orange Reg'l Med. Ctr.,* 975 F. Supp. 2d 412, 418 (S.D.N.Y. 2013) ("[I]t is inappropriate for a court to consider a CBA in evaluating a motion to dismiss claims not dependent on the CBA and where no facts about the CBA are alleged in the complaint. This is so even where defendant...asserts that dismissal is appropriate because plaintiff's claims are preempted by the LMRA based on the existence of a CBA between plaintiff and defendant.") (internal citations omitted).  The same is true here.

**B. The Court Should Decline to Convert This Motion to One for Summary Judgment**

In order to rule on Defendant's preemption defense, the Court would need to convert the Defendant's motion to dismiss to one for summary judgment given that Defendant requests the Court consider the CBAs attached to its motion. *See* Dkt. 8 at 3-5; Dkt. 8-1; Dkt. 8-2; *Horton v. Espindola,* 319 F. Supp. 3d 395, 401 (D.D.C. 2018) (CBA is a matter outside the pleading, requiring the court to convert defendants' motion to dismiss into one for summary judgment). A decision to convert a motion to dismiss into one for summary judgment is within the sound discretion of the court, and the court is not required to convert such a motion even when invited to do so by either of the parties. *See Search,* 128 F. Supp. 3d at 228 (citing 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1371 (3d ed.)); *Ryan-White v. Blank,* 922 F. Supp. 2d 19, 25 (D.D.C. 2013). Indeed, a court need not convert a motion to dismiss "simply because it refers to materials outside the pleadings," including where a defendant attaches a CBA to its motion to dismiss and argues that the CBA is "central to plaintiff's claims." *Lance v. Greyhound Lines Inc.,* 244 F. Supp. 3d 147, 158 n.5 (D.D.C. 2017).

Here, the Court should not convert the instant motion into one for summary judgment, as Plaintiffs did not raise the CBA in their Complaint and have not had an opportunity to develop or present meaningful evidentiary support to defend against Defendant's preemption defense; indeed, any evaluation of the Parties' operation under the applicable CBA would clearly require fact discovery of, among other things, payroll and timekeeping records that are in the exclusive possession of Defendant. *See* Dkt. 1, ¶¶ 56, 64 (Plaintiffs' employment and work records are in the exclusive possession, custody and control of Defendant). In addition, Defendant has not requested that the Court consider its motion as one for summary judgment. In fact, Defendant explicitly claims—albeit incorrectly—that the Court can consider the CBAs *without* converting

the motion to dismiss. Dkt. 8 at 7. As such, the Court should decline to convert the Defendant's

motion here as inappropriate and premature. *See Johnson-Richardson v. Univ. of Phoenix,* 334

F.R.D. 349, 349-50 (D.D.C. 2020) (declining to convert motion to dismiss where defendants'

motion "did not hint at the possibility of conversion nor did Defendants file a statement of material

facts as to which it contends there is no genuine issue, as a party moving for summary judgment

must do under the Local Rules"); *Freeman,* 87 F. Supp. 3d at 259 (holding that ruling on

preemption at the motion to dismiss stage, where a defendant attaches a CBA to its motion but the

plaintiff did not raise the CBA in the complaint, would require conversion to a motion for summary

judgment, and declining to do so as "further factual development is necessary" given that

"preemption cannot be readily discerned from the pleadings"). *See also Kaye,* 975 F. Supp. 2d at

420 (declining to convert motion to dismiss to one for summary judgment on the grounds that the

Defendant has not made such a request and because "consideration of how the Parties operated

under the CBA would require discovery"). Therefore, Defendant's motion must be denied.

Moreover, for the reasons set forth below in Section II.C, even if conversion was

appropriate, Defendant cannot meet its burden to demonstrate that Plaintiffs' DCMWRA claims

are preempted by the LMRA because, ***as a matter of law***, statutory wage and hour claims are not

preempted by Section 301.

### C. Plaintiffs' DCMWRA Claims Are Not Preempted by Section 301 of the Labor Management Relations Act

Defendant argues Plaintiffs' claims under the DCMWRA are allegedly preempted by

Section 301 of the LMRA "because such claims necessarily require interpretation of the collective

bargaining agreement between Defendant and Plaintiffs' union."[1] Dkt. 8, ¶ 2. Defendant further

---

[1] Defendant claims that, alternatively, Plaintiffs have failed to state a claim under the LMRA because they have not plead an exhaustion of remedies under the CBA. Dkt. 8, ¶ 3; Dkt. 8 at 9-10. Not only is this argument a red herring and entirely irrelevant to Plaintiffs' DCMWRA claims

argues that determining whether Defendant has violated the DCMWRA requires "analyzing and interpreting the CBAs' provisions in Article 6 regarding hours of work." Dkt. 8 at 8. This is patently wrong.

"Not every dispute tangentially involving a provision of a collective-bargaining agreement is preempted by § 301 or other provisions of the federal labor law." *Mkwanazi,* 2020 U.S. Dist. LEXIS 212927, *15-16 (quoting *Allis-Chalmers,* 471 U.S. at 211). Courts have long held that statutory wage claims—including overtime claims under the DCMWRA and other similar state wage and hour laws—are not preempted by the LMRA. The "Supreme Court has repeatedly admonished that §301 preemption is not designed to trump *substantive and mandatory* state law regulation of the employee-employer relationship." *Bratton v. Starwood Hotels & Resorts Worldwide, Inc.,* 65 F. Supp. 3d 8, 13 (D.D.C. 2014) (quoting *Humble v. Boeing Co.,* 305 F. 3d 1004, 1007 (9th Cir. 2002)) (emphasis in original). The Supreme Court has further explained that "it would be inconsistent with congressional intent under [Section 301 of the LMRA] to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Int'l Bhd. of Elec. Workers v. Hechler,* 481 U.S. 851, 859 n.3 (1987) (citing *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 212 (1985)). *See also Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 410 (1988) ("[A]s long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes."); *Allis-Chalmers,* 471 U.S. at 213 (the focus on a Section 301 preemption analysis is whether the claim "confers nonnegotiable state-law rights on . . . employees independent of any right established by contract.").

---

given that Plaintiffs' claims do not implicate the LMRA as described herein, rights under the DCMWRA—including the right to file a civil suit to enforce violations of the statute—are non-waivable by contract. *Hernandez v. Stringer,* 210 F. Supp. 3d 54, 63 (D.D.C. 2016) ("In other words, DCMWA…rights and claims cannot be waived.").

The "crucial question" in a preemption analysis is the source of the right that the plaintiff is seeking to vindicate. *Bratton,* 65 F. Supp. 3d at 13. "As the Supreme Court has explained, where an employee's claim is based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers, the policy considerations underlying the LMRA ***simply do not apply***." *Id.* at 14 (emphasis supplied). Thus, Section 301 of the LMRA does not preempt claims where an employee is "vindicating a non-negotiable and mandatory right originating outside of the CBA," including overtime claims grounded in state law such as those asserted by Plaintiffs in this case. *Id. See also Freeman,* 87 F. Supp. 3d at 258 (quoting *Bratton*); *Kaye,* 975 F. Supp. 2d at 422 (it is "well settled" that state wage and hour claims are "truly independent of rights under the CBA"); *Isaacs v. Cent. Parkin Sys. of N.Y., Inc.,* 2012 U.S. Dist. LEXIS 38103, *16 (E.D.N.Y. Feb. 27, 2012) (state law overtime claims are "beyond the noose of LMRA" so are not preempted). *Cf. Barrentine v. Arkansas-Best Freight Sys.,* 450 U.S. 728, 758 (1981) (statutory wage and hour rights are "independent of the collective-bargaining process. They devolve on petitioners as individual workers, not as members of a collective organization.")

Indeed, this Court has repeatedly denied attempts by employers to dismiss DCMWRA claims on preemption grounds. For example, in *Freeman,* a case that is directly on point, this Court rejected the defendant's claims in its motion to dismiss that the plaintiffs' DCMWRA claims were preempted by the LMRA, noting that Section 301 did not preempt the plaintiffs' claims because the employees were "vindicating a non-negotiable and mandatory right originating outside of the CBA" through the DCMWRA. *Freeman,* 87 F. Supp. 3d at 258-59. The *Freeman* Court also determined that it would be improper to resolve questions of preemption at the motion to dismiss stage given that the plaintiffs in that case did not bring any claims under the CBA in their complaint. *Id.*

8

Similarly, in *Akinsinde v. v. Not-for-Profit Hosp. Corp.,* 2018 U.S. Dist. LEXIS 202230 (D.D.C. Nov. 29, 2018), this Court denied a motion for summary judgment on preemption grounds and held that District of Columbia wage claims "are not substantially dependent on analyzing the CBA," as the trier of fact will not need to "interpret" the provisions of the CBA which supply the rate of pay and paid break time in determining the underlying question of whether the employer failed to properly compensate the plaintiff for overtime work. *Id.* at \*8. The Court made clear that the plaintiff's claims were not dependent on any interpretation of the CBA, and, instead, dependent only "on determining (1) the number of unpaid hours worked in excess of a forty-hour work week, and (2) Plaintiff's rate of pay." *Id.* Accordingly, "the LMRA does not preempt Plaintiff's District of Columbia wage claims." *Id.*

Further, the right to overtime compensation under the DCMWRA cannot be contracted away; indeed, the statute explicitly provides that the rights guaranteed thereunder cannot be waived by private agreement. D.C. Code § 32-1012(d) ("Any agreement between an employer and employee in which the employee agrees to work for less than the wages to which the employee is entitled under this subchapter or any regulation issued under this subchapter ***shall be no defense*** to any action to recover unpaid wages or liquidated damages.") (emphasis supplied). *See also Hernandez v. Stringer,* 210 F. Supp. 3d 54, 63 (D.D.C. 2016) ("In other words, DCMWA…rights and claims cannot be waived."). *Cf. Barrentine,* 450 U.S. at 740-41 ("This Court's decisions interpreting the FLSA have frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act. Thus, we have held that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate…congressionally granted FLSA rights take precedence over conflicting provisions in a

collectively bargained compensation agreement"). Thus, the Plaintiffs' rights under the

DCMWRA remain unchanged and are enforceable through a civil action in court even where

employees are covered by a CBA including provisions relating to hours of work and meal breaks.

*Freeman,* 87 F. Supp. 3d at 259 n.4 (denying motion to dismiss on preemption grounds, noting:

"Although Defendants are correct that Collective Bargaining Agreement contains numerous

provisions that relate to hours, including meal breaks, Plaintiffs are bringing statutory claims, and

the Collective Bargaining Agreement does not purport to modify or waive the employers'

obligations under the relevant state or Federal statutes.").

Consistent with *Freeman* and *Akinsinde,* Plaintiffs' claims here do not implicate the LMRA

because the rights invoked under the DCMWRA are based on non-negotiable, mandatory rights

arising from statute and do not derive from or implicate either of the CBAs attached to Defendant's

motion to dismiss. Put simply, Plaintiffs are attempting to enforce rights granted to them by the

District of Columbia and afforded to all employees in the District of Columbia (with limited

exceptions not applicable here)—namely, the right to overtime compensation for all hours worked

in excess of 40 in a workweek. The fact that the CBAs include provisions governing hours of work

and scheduling have no bearing on whether the Defendant properly compensates Plaintiffs for all

their actual work hours in excess of 40 in a workweek.[2] Further, Plaintiffs' reference to their

Union's attempts to enforce employees' statutory workplace rights does not implicate the CBA as

the Defendant claims (Dkt. 8 at 9), because the Union's concerns were not regarding contractual

---

[2] Notably, the CBA is consistent with the provisions of the DCMWRA under which the Plaintiffs
have brought suit. For example, the cited CBAs provide that "[o]vertime shall be paid to employees
for work performed in excess of forty (40) hours in a pay week." Dkt. 8 at 6. In addition, Article
6 of the CBAs make clear that the description of an employee's "normal workday" is "***descriptive
only***; nothing herein shall be construed as guaranteeing any specified number of hours of work or
pay per week." Dkt. 8 at 5 (emphasis added).

rights but, instead, the "unlawful pay policies and practices described" in the Complaint—i.e., the Defendant's failure to comply with the requirements of the FLSA and DCMWRA. Dkt. 1, ¶ 16.

As such, because the Plaintiffs' overtime claims are entirely independent of the CBA in that they derive from statute, and because they cannot be waived by contract, Defendant's preemption defense must necessarily fail, and Defendant's motion to dismiss must be rejected.

## III.   CONCLUSION

As demonstrated above, Defendant's preemption defense cannot properly be resolved on a motion to dismiss, and Plaintiffs' claims under the DCMWRA are not preempted by Section 301 of the LMRA. As such, and for the foregoing reasons, Plaintiffs respectfully request that Defendant's Motion to dismiss be denied.

Dated: May 3, 2022                              Respectfully submitted,

                                                */s/ Sara L. Faulman*
                                                Sara L. Faulman (D.C. Bar No. 496679)
                                                Sarah M. Block (D.C. Bar No. 1026577)
                                                McGILLIVARY STEELE ELKIN LLP
                                                1101 Vermont Ave., NW
                                                Suite 1000
                                                Washington, DC 20005
                                                Telephone: (202) 833-8855
                                                Fax: (202) 452-1090
                                                slf@mselaborlaw.com
                                                smb@mselaborlaw.com

                                                *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on May 3, 2022, a copy of the foregoing

document was served on the following individuals by filing the document on the Court's CM/ECF

system:

Kenneth C. Wu
LOPEZ AND WU, PLLC
1818 Library Street, Suite 500
Reston, Virginia 20190
Telephone: 703-835-6145
Facsimile: 703-831-0181
Email: kwu@lopezandwu.com

David C. Hamilton
James B. Taylor
MARTENSON, HASBROUCK & SIMON LLP
2573 Apple Valley Road NE
Atlanta, Georgia 30319
Telephone: (404)-909-8100
Facsimile: (404)-909-8120
Email: dhamilton@martenson.com

*Attorneys for Defendant*

/s/ Sara L. Faulman
Sara L. Faulman