UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LETICIA SANCHEZ-ANGELES, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 22-cv-00614 (APM) |
| UNIVERSAL PROTECTION SERVICE, LLC, | ) ) | |
| Defendant. | ) ) ) | |

### MEMORANDUM OPINION AND ORDER

#### I.

Plaintiffs Leticia Sanchez-Angeles and Jamil Arouni bring this action on behalf of themselves and other similarly situated current and former Special Police Officers ("SPOs") assigned to security posts at the U.S. Government Accountability Office ("GAO"). Plaintiffs are employed by Defendant Universal Protection Service, LLC ("Allied Universal"), an entity that provides contract security services to the GAO building located at 441 G Street N.W.

Plaintiffs filed suit before this court, alleging violations of (1) the Fair Labor Standards Act ("FLSA"), and (2) the District of Columbia Minimum Wage Revision Act ("DCMWRA") based on the same underlying conduct: Defendant's alleged failure to compensate Plaintiffs for daily pre-shift, post-shift, and meal period overtime work.

Before the court is Defendant's Motion to Dismiss. *See* Def.'s Mot. to Dismiss, ECF No. 8 [hereinafter Def.'s Mot.]. Defendant does not at this juncture challenge Plaintiffs' claim under FLSA. Defendant seeks only to dismiss Plaintiffs' DCMWRA claim, arguing that the claim is preempted by Section 301 of the Labor Management Relations Act ("LMRA") because the alleged

violation implicates a collective bargaining agreement ("CBA") governing the parties' employment relationship. Defendant attaches to its Motion to Dismiss two CBAs ("the CBAs") that governed Plaintiffs' employment relationship with Allied Universal and the prior servicers of the GAO security account.

As discussed below, the court holds that Plaintiff's DCMWRA claim has not been shown to be preempted by Section 301 at this point in the litigation. Accordingly, the court denies Defendant's Motion to Dismiss.

## II.

"[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a [Section] 301 claim[1] or dismissed as pre-empted by federal labor-contract law." *Allis Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (citation omitted).

Preemption under Section 301 does not, however, serve as an outright bar on state-law claims raised by employees who are covered by a CBA. The focus of a Section 301 preemption analysis is on whether the claim "confers nonnegotiable state-law rights on . . . employees independent of any right established by contract." *Id.* at 213.

## III.

Before the court can evaluate the merits of the preemption argument, it must first address the issue of whether the CBAs can properly be considered at this stage of the litigation. Plaintiffs argue that consideration of the CBAs is not permitted on a motion to dismiss and that doing so

---

[1] Defendant asserts that if Plaintiffs' DCMWRA claim is treated as a Section 301 claim, the claim should nonetheless be dismissed because Plaintiffs have failed to exhaust their administrative remedies. Def.'s Mot. at 9. Plaintiffs do not contest that they have not pleaded exhaustion of administrative remedies under the CBA, *see* Pl.'s Mem. of P. & A. in Opp. to Def.'s Mot., ECF No. 10 [hereinafter Pl.'s Mem.], but this is ultimately irrelevant; the court need not treat the DCMWRA claim as a Section 301 claim because there is insufficient evidence at this stage to establish that this state statutory claim is substantially dependent upon analysis of the terms of the CBAs.

would require conversion of the motion into one for summary judgment. Pl.'s Mem. of P. & A. in Opp. to Def.'s Mot., ECF No. 10 [hereinafter Pl.'s Mem.]. Defendant counters that a court may consider documents on which a plaintiff's complaint "necessarily lies, even if the document is produced by the defendant in a motion to dismiss," without need to convert the motion. Def.'s Mot. at 7. The court finds it cannot consider the CBAs in this case without converting the motion into one for summary judgment. Furthermore, the court declines to exercise its discretion to convert the pending motion.

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged in the complaint as well as documents "referred to in the complaint and . . . central to the plaintiff's claim." *Marshall v. Honeywell Tech. Solutions, Inc.*, 536 F. Supp. 2d 59, 65 (D.D.C. 2008); *Kim v. United States*, 632 F.3d 713, 719 (D.C. Cir. 2011). Rule 12(d) provides, however, that "[i]f, on a motion under Rule 12(b)(6), . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d); *Wiley v. Glassman*, 511 F.3d 151, 160 (D.C. Cir. 2007) (per curiam). The decision whether to convert a motion to dismiss into one for summary judgment is within the court's discretion. *Kim*, 632 F.3d at 719; *Search v. Uber Techs., Inc.*, 128 F. Supp. 3d 222, 228 (D.D.C. 2015).

In this case, the court finds that the CBAs are "outside the pleadings." FED. R. CIV. P. 12(d). First, it is undisputed that Plaintiffs did not expressly reference or attach the CBAs to the Complaint. *See* Def.'s Reply to Pl.'s Mem of P. & A., ECF No. 12 [hereinafter Def.'s Reply], at 7–8. Defendant argues instead that Plaintiffs' statement in the Complaint that "the union representing SPOs . . . has repeatedly raised to [Defendant] issues regarding the unlawful pay policies and practices described herein" constitutes sufficient reference to the CBAs to render the

documents incorporated or integral to the Complaint.  *Id.* (quoting Compl., ECF No. 1, ¶ 16 and citing out-of-circuit cases).  The court disagrees.  Mere reference to grievances raised to the SPOs' union about the alleged unlawful conduct at issue in this case does not fairly implicate collective bargaining contracts entered into by the parties.  *See Freeman v. MedStar Health, Inc.*, 87 F. Supp. 3d 249, 258–59 (D.D.C. 2015).  This fact intuitively follows from the nature of Plaintiffs' claims. Plaintiffs do not allege, for example, a breach of contract, which would fairly implicate the underlying contractual agreement.  Plaintiffs instead allege the violation of a "non-negotiable and mandatory right originating outside of the CBA" to statutory minimum wage protections.  *Bratton v. Starwood Hotels & Resorts Worldwide, Inc.*, 65 F. Supp. 3d 8, 14 (D.D.C. 2014); *see also Hernandez v. Stringer*, 210 F. Supp. 3d 54, 63 (D.D.C. 2016) (explaining that "DCMWRA . . . claims cannot be waived" by contract).

Because the court finds that the CBAs constitute material outside of the pleadings, consideration of the documents would require conversion to a motion for summary judgment.  The court declines to exercise its discretion to do so.  In the present circumstances, where the parties have not had an opportunity to develop the evidentiary record or present meaningful evidentiary support to assist the court in evaluating the preemption claim, the court finds summary judgment consideration would be premature.  *See Search*, 128 F. Supp. 3d at 228–29; *Freeman*, 87 F. Supp. 3d at 259.

**IV.**

In the absence of any reference in the Complaint to the CBAs, Defendant's preemption argument fails.  On the face of the Complaint, resolution of the state-law claim is not "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract."  *Allis Chalmers*, 471 U.S. at 220 (citation omitted).  Thus, Defendant's Motion to

4

Dismiss fails. The court notes, however, that nothing in the court's opinion precludes re-raising these issues in a future motion for summary judgment.

## V.

For the foregoing reasons, the court denies Defendant's Motion to Dismiss, ECF No. 8.

Dated: November 14, 2022

_____
Amit P. Mehta
United States District Court Judge